IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID BUTLER,**

        **Plaintiff,**

  vs.                                                  Civil Action 2:10-CV-804
                                                              Judge Holschuh
                                                              Magistrate Judge King

**DEPARTMENT OF REHABILITATION**
**AND CORR.,**

        **Defendant.**

## OPINION AND ORDER

        Plaintiff, a state prisoner, filed a civil rights complaint, naming an Ohio agency as the only defendant, and seeking monetary damages in connection with plaintiff's placement in housing near an inmate infected with tuberculosis.  On September 9, 2010, the United States Magistrate Judge recommended that the action be dismissed for lack of subject matter jurisdiction over the claim asserted against the defendant state agency.  *Report and Recommendation*, Doc. No. 5. Plaintiff filed no objection to the *Report and Recommendation* but, on September 16, 2010, and in apparent response to the *Report and Recommendation,* plaintiff filed a motion for leave to amend the complaint.  Doc. No. 7.

        This Court agrees that it lacks jurisdiction over plaintiff's claim for monetary damages against the defendant state agency.  *See Welch v. Texas Dep't of Highways and Publ. Transp*., 483 U.S. 468, 472-72 (1987).

        By his motion to amend the complaint, plaintiff seeks to

join as a defendant Ernie Moore, the Director of the Ohio Department of Rehabilitation and Correction.  *Id*.  It does not appear that a claim filed against this defendant could survive a motion to dismiss for failure to state a claim.

A supervisory official may not be held liable under 42 U.S.C. §1983 unless "the plaintiff demonstrates that 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Combs v. Wilkinson*, 315 F.3f 548, 554 (6th Cir. 2002) quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'"  *Id*., quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).  Liability on the part of a supervisor must be based on "active unconstitutional behavior."  *Id*., citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).  Plaintiff does not allege that the proposed new defendant was involved in plaintiff's housing assignment. Plaintiff's proposed amendment does not, therefore, state a claim against the proposed new defendant.

Accordingly, the *Report and Recommendation*, Doc. No. 5, is **ADOPTED AND AFFIRMED**.  The Court lacks subject matter jurisdiction over the claim asserted against the defendant state agency. Plaintiff's proposed amended complaint against the director of that state agency fails to state a claim for relief.

Pursuant to the provisions of 28 U.S.C. §§ 1915(e), 1915A, this action is hereby **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

      The Clerk shall enter **FINAL JUDGMENT**.

      Moreover, the Court also concludes that an appeal from the judgment entered in this action would not be taken in good faith. *See* 28 U.S.C. §1915(a).

Date: October 14, 2010                       **/s/ John D. Holschuh**
                                                      John D. Holschuh, Judge
                                                      United States District Court